THE UNITED STATES DISTRICT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STARR GREEN, individually, and on
behalf of all others similarly situated,

    Plaintiff,

v.

                                   COLLECTIVE ACTION
                                   Case No.:

JEFFRY KNIGHT, INC. d/b/a
KNIGHT ENTERPRISES

    Defendant.
_____/

## FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

This is a collective action pursuant to the Federal Fair Labor Standards Act (hereinafter, "FLSA"), 29 U.S.C. §216(b). Plaintiff STARR GREEN (hereinafter, "Green" or "Plaintiff"), and members of the putative class are Cable Installers or Cable Installation Technicians ("Techs") who install and repair high-speed Internet, cable television and telephone services primarily for residential customers of various cable companies. As set forth below, Defendant JEFFRY KNIGHT, INC. d/b/a KNIGHT ENTERPRISES (hereinafter "Defendant" or "Knight Enterprises") has knowingly and willfully violated the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* by failing to pay overtime compensation and a premium for all hours worked over forty (40) in each workweek resulting in a loss of substantial wages otherwise payable to her and to all others similarly situated pursuant to FLSA, 29 U.S.C. §207.

## JURISDICTION AND PARTIES

2. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. §216.

3. Plaintiff Starr Green is a resident of this district, who at all times material hereto, provided telecommunication installation and repair services from on or about April 2018 to January 2019 working for Defendant as a W-2 employee of Defendant, based out of Defendant's office in Pasco County, Florida.

4. In January, 2019, Plaintiff was directed by Defendant that she had to be reclassified as a 1099, independent contractor Cable Installer or Installation Technician if she wanted to continue to work for Defendant.

5. Defendant JEFFRY KNIGHT, INC. d/b/a KNIGHT ENTERPRISES, is a Florida for profit corporation with a principal place of business at 301 South Missouri Avenue, Clearwater, Florida 33756-5833. Defendant Knight Enterprises installs high-speed internet, cable television, and telephone services for various cable companies. Defendant may be served through its registered agent Jill Williams, 301 South Missouri Avenue, Clearwater, Florida 33756-5833.

6. Defendant is an employer within the meaning of the FLSA 29 U.S. Code §203, and is subject to the FLSA under Enterprise coverage, as it has annual revenues greater than $500,000, employs more than two (2) full time persons. Defendant also is engaged in interstate commerce.

## STATEMENT OF FACTS

7. Defendant Knight Enterprises is a telecommunications company that contracts with other companies, such as Spectrum, a subsidiary of Charter Communications, to install,

repair, or construct the facilities for high-speed internet, cable television, and telephone service for consumers.

8. Defendant Knight Enterprises employs Cable Installers or Cable Technicians (hereinafter, "Cable Installers" or "techs") as W-2 employees to perform such installation, repair, and construction services commonly referred to by both Parties as jobs. Some of these jobs are performed at commercial locations, but most of them are performed at residential locations.

9. Cable Installers primarily work out in the field, meaning they travel from job site to job site, primarily a customer's residence, to complete assigned installation or repair jobs.

10. Defendant earns a fee from the contracted with cable company for each job completed by Defendant's Cable Installers.

11. Plaintiff, like all other Cable Installers and members of the putative class of similarly situated, was paid an hourly rate plus a percentage of each job completed, but without regard to the number of hours actually worked in any workweek.

12. Upon information and belief, during the preceding three (3) years to the present, all W-2 employee Cable Installers were trained in a similar manner by Defendant to perform and complete their job duties and requirements in a similar manner and fashion.

13. Defendant had required work procedures and methods for Cable Installers to perform the work or jobs, some of which as well were determined by the cable companies and passed onto the Cable Installers by Knight Enterprises.

14. Upon information and belief, all Cable Installers have the same, if not identical, generalized job requirements and duties, and are subject to the same compensation plans, or, a common compensation plan.

15. Upon information and belief, all Cable Installers are subject to and governed or controlled by the same employment rules, procedures and policies.

16. All of the telecommunications equipment used by Plaintiff and all other similarly situated Cable Installers must be picked up from a warehouse or shop on Defendant Knight Enterprises' property, and it is Knight Enterprises which informs each Cable Installer of the amount and type of equipment needed to complete the jobs for that day.

17. Defendant dictates and controls the supplies and cable equipment that Cable Installers must use in performing their job duties.

18. Plaintiff and all other similarly situated Cable Installers routinely work well over 40 hours each week, as the shifts often exceed eight (8) hours per day, and they often work more than five (5) days per week.

19. Plaintiff Green, throughout her employment, has routinely worked more than 40 hours in a workweek, and has worked upwards of 72 hours in a week when ordered and required to work six (6) days a week by Knight Enterprises.

20. Plaintiff was not paid a premium for all the hours in excess of 40 hours in a workweek; and has not been paid time and a half of her regular rate of pay for all her overtime hours

21. Plaintiff Green worked for Knight Enterprises as a Cable Installer or Cable Technician, and at all times relevant to the instant action, was classified by Defendant as a W2, Non-exempt, hourly paid employee.[1]

22. Plaintiff and all other similarly situated Cable Installers were required to report to

---

[1] Plaintiff Green also worked for a period of time for Defendant as an independent contractor Cable Installer performing the identical work or job requirements. Plaintiff's claims in the instant action only encompass her time as a W-2 employee for Defendant.

a shop controlled by Defendant at specific times at least one time each week in order to acquire the equipment to be installed and to maintain a base level of equipment to be in her vehicle at all times.

23. Sometime in the early part of 2019, jobs were then assigned via a smartphone app called Techmobile that is controlled by Spectrum.

24. The Techmobile app, through its GPS capability, allowed Defendant to monitor the location of Cable Installers throughout the workday, to see how long they were at each job site or location, and that Cable Installers were working after they had clocked out or beyond the scheduled ending time.

25. Defendant knows the location and for how long Plaintiff and others similarly situated Cable Installers were at a particular job site, and Defendant developed estimates as to how long each particular job should take to complete.

26. Plaintiff routinely was required to work more than 40 hours a week in order to complete all jobs and routes assigned.

27. Defendant was aware and knew that Cable Installers had to work more than 40 hours in a week in order to complete their jobs and routes.

28. Plaintiff and most members of the putative class are assigned a corporate scheduled 40 hour work-week of five days a week, from 8 am to 4 pm.

29. Additionally, Defendant has both ordered and offered Cable Installers to work six days in a week.

30. Plaintiff believes on the 6th day of work in a workweek, all of which would be beyond 40 hours for the week, she was paid just straight time for the additional hours, not a

premium and not paid time and one half her full regular rate of pay for these hours worked.

31. Upon information and belief, Defendant had a policy of paying only straight time, or less than time and one half the cable installer's regular rate of pay for overtime hours incurred when employees work a 6th day, and incur overtime hours on the clock.

32. Thus, Defendant underpaid overtime hours, even when they did provide some compensation for overtime hours which were clocked in by Cable Installers.

33. Plaintiff and members of the putative class are required to record their hours worked by clocking in and out of work using a smartphone app chosen by Defendant.

34. Defendant has engaged in a common scheme and plan applicable to a large group of Cable Installers to avoid paying them overtime wages under the FLSA as Defendant permits Plaintiffs and members of the putative class to suffer to work off the clock.

35. Defendant required Plaintiff and all cable installers to clock out everyday at 4 pm, or after eight (8) hours worked in a workday, regardless of the time Cable Installers stop working, and regardless of the fact that they had more work and jobs to complete for the day.

36. Defendant was aware Plaintiff and all other similarly situated cable installers were routinely working past 4 pm off the clock as Defendant continued to assign jobs after 4 pm, and knew that cable installers were not going to cease or stop working at exactly 4pm each day when jobs had not been finished or completed.

37. Defendant maintained a De Facto policy requiring Plaintiff and all other cable installers to work off the clock, after 8 hours of work for the day, and to clock out at 4pm.

38. If Plaintiff or any cable installer were to use their discretion to cease working in the middle of a job or cancel a job they had not yet reached as of 4pm, they would be subject to

discipline, up to and including termination of employment.

39. Defendant's refusal to pay Plaintiff and members of the putative class for all hours worked over 40 in a workweek, and a premium for all such work at time and one half their regular rates of pay, is a willful and intentional violation of the overtime wage requirements of FLSA.

40. Defendant knows, or should have known, that the work of a Cable Installer is an FLSA non-exempt position and involves non-exempt job duties as Defendant has faced the same claims from many of its own Cable Installer workers in previous cases such as: Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311 (11th Cir. 2013), Weckesser v. Knight Enters. S.E., LLC, 735 F. App'x 816 (4th Cir. 2018), and Huerta et al. v. Jeffry Knight, Inc. d/b/a Knight Enterprises, Case 8:14-cv-01624-EAK-TBM (M.D. Fla. 2014).

41. Further, Defendant paid the Cable Installers in Scantland the sum of $475,000.00, in payment of their unpaid overtime wages. *See* Case 8:09-cv-01985-EAK-TBM (DE 249-1).

42. Likewise, in Weckesser v. Knight Enters. S.E., LLC, Defendant paid the Cable Installers part of the suit the sum of $325,000 for their overtime wages claimed. *See* Case 2:16-cv-02053-RMG (DE 157).

43. Defendant has been made aware of complaints by cable installers about not being paid for all hours worked and for working off the clock in the past 3 years.

44. Upon information and belief, Defendant responds to any cable installer complaining of not being paid for all hours worked, or not being paid time and one half for all hours worked, with threats of termination, cutting or limiting of jobs, or telling such persons to switch to independent contractor cable installers instead if they were not satisfied by their pay

practices.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff Green brings this action on behalf of all similarly situated individuals who were or are currently employed by Defendant as Cable Installers or Cable Installation Technicians who were not paid overtime wages, or a premium for all hours worked in excess of 40 in each and every workweek during the three (3) preceding the filing of this lawsuit.

46. Plaintiff seeks conditional certification to proceed collectively on behalf of a class of individuals who have performed installation, repair, service and similar duties for Defendant's customers, and who were not paid overtime wages for hours worked in excess of 40 in a workweek, pursuant to 29 U.S.C. § 216(b).

47. This collective action is to recover from Defendant overtime compensation, liquidated damages, prejudgment interest, costs and reasonable attorney's fees under 29 U.S.C. §216(b) on behalf of the Plaintiff and all similarly situated persons composed of:

> All persons employed by JEFFRY KNIGHT, INC. d/b/a KNIGHT ENTERPRISES, including any of its subsidiaries such as Knight Enterprises SE LLC, as a W-2 employees under the title of Cable Installer, Cable Installation Technician, Cable Techs, and all other job titles previously or currently used to describe persons performing work as Cable Installers, Cable Installation Technicians, or Cable Techs at any time within the three (3) years preceding this lawsuit to the day of trial.

48. Plaintiff is ready, willing and able to serve as representative for all others similarly situated, and by the filing of this complaint consents to be a member of this FLSA Section 216(b) collective action.

49. Upon information and belief, Defendant has 150 or more persons employed as W-2 Cable Installers, and with turnover throughout the preceding three (3) years, the class size is

estimated to be upwards of 350 or more persons.

50. Maintaining this action as a collective action is the most appropriate, practical, and feasible way for this action to proceed.

51. All the work activities of the Cable Installers are non-exempt job duties under the FLSA, such that Defendant has no basis for refusing to pay all W-2 Cable Installers time and one half their regular rates of pay for all hours worked over 40 in each and every work week.

**COUNT I**
**VIOLATION OF SECTION 29 U.S.C. § 207 THE FAIR LABOR STANDARDS ACT -**
**FAILURE TO PAY OVERTIME WAGES**

52. All preceding paragraphs are realled and incorporated as if fully set forth herein.

53. The actions of Defendant as set forth above in failing to pay overtime to Plaintiff and all others similarly situated constitutes a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

54. The position of Cable Installer or Cable Installation Technician does not qualify or meet any known exemption under the FLSA.

55. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks a court order compelling the Defendant to provide and produce a list of the names, dates of employment and all contact information for all other Cable Installers employed by Defendant within the three (3) years preceding the filing of this lawsuit to the present, in order to apprise them of their right to opt in and join this action.

56. While the law holds that a plaintiff may notify and send notice to others of this action and the right to join, absent an order and supervision by the Court, Defendant will likely not produce the information and otherwise challenge the form and contact of the notice.

57. At all relevant times, Defendant employed Plaintiff, and/or each member of the putative class of similarly situated, and continues to employ members of the putative class, within the meaning of the FLSA.

58. Upon information and belief, all Cable Installers were and are paid under a common and similar compensation plan and scheme.

59. All Cable Installers are expected and required to perform their job duties and work requirements in a similar manner which is highly monitored, controlled and evaluated by Defendant.

60. Defendant has maintained a scheme and plan to avoid paying overtime compensation to Cable Installers for the hours worked in excess of 40 in a workweek.

61. Defendant's managers, supervisors and officers are well aware that the workload and position of a Cable Installer in this company requires Plaintiff and the class of similarly situated to routinely, if not each and every week, work more than 40 hours in a workweek to complete the routes and jobs assigned.

62. As a result, throughout the three (3) year class period to the present, Defendant has stolen several millions of dollars or more in wages from Cable Installers while they have knowingly mislead them to believe that the law permits this unlawful pay practice.

63. Defendant knowingly and willfully failed to pay Plaintiff and all other members of the putative class overtime compensation at the appropriate legal rate for all hours they worked beyond 40 hours in workweeks and this is a willful violation of the FLSA, particularly 29 U.S.C. § 207.

64. Defendant's foregoing conduct constitutes a willful violation of the FLSA within

the meaning of 29 U.S.C. § 255(a).

65. Defendant's policy of commanding Plaintiff and other Cable Installers to clock out at 4pm, or after 8 hours on the clock for a day, and to expect, require and knowingly let them continue to work off the clock is a violation of the overtime wage requirements of Section 207 of the FLSA.

66. Defendant willfully failed and refused to pay Plaintiff and all other similarly situated Cable Installers a premium for all overtime hours worked.

67. Defendant willfully failed and refused to pay Plaintiff and all other similarly situated Cable Installers a premium for all overtime hours worked at the correct and lawful rate, thus, underpaying Plaintiff and all Cable Installers even when they did pay overtime wages.

68. Defendant cannot, and does not, have a good faith basis under the FLSA for its willful actions and conduct of not paying Plaintiff and members of the putative class a premium for all overtime hours worked in each and every workweek.

69. Defendant does not and cannot have a good faith basis under the FLSA for permitting Cable Installers to work off the clock, or requiring them to clock out and then work off the clock.

70. Similarly, Defendant does not and cannot have a good faith basis under the FLSA for paying Plaintiff and all other Cable Installers who worked on the clock more than 40 hours in any work week only straight time, or less than time and one half their regular rates of pay for all hours worked.

71. Defendant has thus knowingly and willfully underpaid Plaintiff and all other Cable Installers even when they did pay for any hours worked more than 40 in any workweeks.

72. Defendant has willfully violated Section 207 of the FLSA in order to increase profits and save labor costs, potentially in the many millions of dollars over the past three (3) years.

73. Plaintiff and all other similarly situated cable installers are entitled to, and should be awarded liquidated damages of an equal sum of the overtime wages awarded or recovered for a period of three (3) years preceding the filing of this action to the present and continuing.

74. As a direct result of Defendant's unlawful, willful FLSA pay practices complained of herein, Plaintiff and all other similarly situated w-2 cable installers have suffered damages, or theft of their lawfully entitled wages.

75. Plaintiff and all other similarly situated cable installers are entitled to recover from Defendant the unpaid, and underpaid overtime compensation due and owing for all hours worked in excess of 40 in each and every workweek, and an equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**WHEREFORE** Plaintiff, STARR GREEN prays for:

a. An order conditionally designating this action as a collective action pursuant to 29 U.S.C. § 216(b) and authorizing Plaintiff to send notice to all other similarly situated past and present Cable Installers or Cable Technicians employed by JEFFRY KNIGHT, INC. d/b/a KNIGHT ENTERPRISES, at any time during the three (3) year period immediately preceding the filing of this suit;

b. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA;

c. That the Court find Defendant in violation of the overtime compensation provisions of the FLSA and that the Court find that Defendant's violations of the FLSA were and are willful;

d. That the Court award Plaintiff and the putative class of all similarly situated overtime compensation and a premium for such, for all of the hours worked over forty (40) in each and every workweek during the past three (3) years, AND an equal sum in liquidated damages. In addition, interest on said award pursuant to § 216 of the FLSA;

e. That the Court award Plaintiff Green a collective action class representative fee or service award fee for her effort and time dedicated to bringing justice through this action;

f. That the Court appoint Mitchell Feldman, Esq. and the firm of Feldman Legal Group as class counsel in the FLSA collective action; and

g. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated on this 6th day of March 2020.

                                                  Respectfully submitted.

*/s/Mitchell Feldman, Esq.*
**Mitchell L. Feldman, Esquire**
Florida Bar No.: 0080349
FELDMAN LEGAL GROUP
6940 W. Linebaugh Ave, Suite #101
Tampa, Florida 33625
Tel: 813-639-9366 - Fax: 813-639-9376
Email: mlf@feldmanlegal.us
Secondary: lschindler@feldmanlegal.us
*Attorney for Plaintiff, and the class*
*Of similarly situated*