UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STARR GREEN

Plaintiff,

v.                                                          Case No.: 8:20-cv-00538-MSS-CPT

JEFFRY KNIGHT INC.
D/B/A KNIGHT ENTERPRISES
and JEFFRY KNIGHT,

DEFENDANTS
_____.

**PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff STARR GREEN herein sues Defendants JEFFRY KNIGHT, INC. d/b/a KNIGHT ENTERPRISES (hereinafter "Knight Enterprises") and JEFFRY KNIGHT individually (hereinafter, "Knight") (collectively with Knight Enterprises, "Defendants") for knowingly and willfully violating the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* by failing to pay overtime compensation and a premium for all hours worked over forty (40) in each workweek pursuant to FLSA, 29 U.S.C. §207.

**JURISDICTION AND PARTIES**

1. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. §216.

2. Plaintiff Starr Green is a resident of this district, who at all times material hereto, provided telecommunication installation and repair services from on or about April 2018 to January 2019 working for Defendants as a W-2 employee of Defendants, based out of Defendants' office in Pasco County, Florida.

3. In January, 2019, Plaintiff Green was directed by Defendants that she had to be reclassified to a 1099, independent contractor if she wanted to continue to work for Defendants as a cable installer (aka Installation technician).

4. Defendant JEFFRY KNIGHT, INC. d/b/a KNIGHT ENTERPRISES (hereinafter, "Knight Enterprises" or "JKI"), is a Florida for profit corporation with a principal place of business at 301 South Missouri Avenue, Clearwater, Florida 33756-5833. Defendant Knight Enterprises installs high-speed internet, cable television, and telephone services for various cable companies. Defendant may be served through its registered agent: Weber, Timothy W, Esq., located at 5453 Central Avenue, St Petersburg, FL 33710, and who is also Defendant's attorney.

5. Defendant Jeffry Knight is the CEO and Director of Defendant Jeffry Knight, Inc. d/b/a Knight Enterprises and upon information and belief created, implemented and ratified Defendant Knight Enterprises' overtime policies and is a resident of Florida and subject to the personal jurisdiction of this Court. Defendant resides in this District and is subject to personal jurisdiction of this court.

6. Plaintiff ultimately reported to Defendants at its corporate office located in Clearwater, Florida, and under the complete direction and control of the CEO, Jeffry Knight who was involved in the day to day operation of Knight Enterprises.

7. Defendant JKI and Jeffry Knight are employers within the meaning of the FLSA 29 U.S. Code §203, and subject to the FLSA under Enterprise coverage, as during the relevant times, JKI had annual revenues greater than $500,000, employed more than two (2) full time persons. Defendants also were engaged in interstate commerce at all times material hereto.

8. Further, Defendant Jefrry Knight was at all times material, the CEO, and primary shareholder of JKI, involved in the day to day operation of the business of Knight Enterprises and JKI, meaning operational control, and is an employer of Plaintiff as per the definition in the FLSA.

## STATEMENT OF FACTS

9. Knight Enterprises is a telecommunications company that contracts with other companies, such as Spectrum, a subsidiary of Charter Communications Inc. (fka Bright House Networks), to install, repair, or construct the facilities for high-speed internet, cable television, and telephone services for consumers.

10. Defendants employed Cable Installers or Installer Technicians (hereinafter, "Cable Installers" or "techs") as W-2 employees and as independent

3

contractors to perform such installation, repair, and construction services commonly referred to by both parties as "jobs". Some of these jobs may have been performed at commercial locations, but most of them were performed at residential locations.

11. Cable Installers primarily work out in the field, meaning they travel from job site to job site, primarily a customer's residence, to complete assigned installation or repair jobs, including cable, telephone and internet services and equipment.

12. Upon information and belief, Defendants earned a fee or some percentage of income from the contracted cable company for each job completed by Defendants' Cable Installation Technicians ("Techs").

13. During the time at issue in this claim, Plaintiff was paid on an hourly rate basis plus eligible for a flat rate that varied depending upon the job completed, but without regard to the number of hours actually worked in any workweek.

14. During the period of time at issue, Green was treated and classified by Defendants as an hourly paid, non-exempt employee who was eligible for overtime compensation.

15. Plaintiff routinely worked more than 40 hours in a week throughout her employment.

16. Defendants have a history of schemes to avoid paying overtime wages, as demonstrated by the numerous FLSA lawsuits filed by cable installers over the past decade for unpaid overtime wages as per the *Yan v. Jeffry Knight Inc., case*, Case No: 8:20-cv-410-T-35TGW; involving 22 or more cable installers willfully misclassified as independent contractors in a wilful scheme to avoid paying overtime wages.

17. Plaintiff Green was not paid for all of the hours she worked, including the hours she worked in excess of 40 in each and every workweek.

18. Either Defendants manually edited or shaved off time from Plaintiff's timesheets or the timekeeping system utilized by Defendants was programmed to either not record all of Plaintiff's hours or to not pay her for all of her hours.

19. Plaintiff Green worked for Knight as a Cable Installer (aka Cable Installation Technician), and at all times relevant to the instant action, was classified by Defendants as a W2, Non-exempt, hourly paid employee.[1]

20. Defendants have faced the same claims from many of its Cable Installer (techs) workers in previous cases such as: *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013); *Weckesser v. Knight Enters. S.E., LLC*, 735 F. App'x 816 (4th Cir. 2018); and *Huerta et al. v. Jeffry Knight, Inc. d/b/a Knight Enterprises*, Case 8:14-cv-01624-EAK-TBM (M.D. Fla. 2014).

---

[1] Plaintiff Green also worked for a period of time for Defendants as an independent contractor Cable Installer performing the identical work or job requirements. Plaintiff's claims in the instant action only encompass her time as a W-2 employee for Defendants.

21. Further, Defendants paid the Cable Installers in *Scantland* the sum of $475,000.00 in payment of their unpaid overtime wages. *See Scantland,* 8:09-cv-01985-EAK-TBM (DE 249-1).

22. Likewise, in *Weckesser v. Knight Enters. S.E., LLC* , Defendants paid the Cable Installers part of the suit the sum of $325,000 for their overtime wages claimed. *See Weckesser,* 2:16-cv-02053-RMG (DE 157).

23. Upon information and belief, Defendants also were subjected to a claim and investigation by and through the DOL which also resulted in Defendants paying wages to Cable Techs for violations of the FLSA.

24. Defendants have a history of violating the FLSA and failing to pay wages earned by Cable Techs.

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION
## PURSUANT TO THE FLSA 29 U.S.C. § 216(b)

25. All preceding paragraphs are realleged and incorporated as if fully set forth herein.

26. The actions of Defendants as set forth above in failing to pay Plaintiff for all overtime hours worked constitutes a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Alternatively, Defendants acted with reckless disregard for the requirements of the FLSA, and its obligations to pay overtime premiums to its techs.

28. The positions of Cable Installer, Cable Tech, and Installer Technician do not qualify or meet any known exemption under the FLSA, and Defendants knew this.

29. The jobs of the Cable Techs were akin to "production", providing the services of the company to the customers, as its business was to provide cable, telephone and internet services of Spectrum (and formerly Bright House Networks).

30. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation at the appropriate legal rate for all hours worked beyond 40 hours in workweeks and this is a willful violation of the FLSA, particularly 29 U.S.C. § 207.

31. Defendants' foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

32. Defendants cannot, and do not, have a good faith basis under the FLSA for its willful actions and conduct of not paying Plaintiff for all of the hours she worked including overtime hours she worked in each and every workweek at the correct and lawful rates under the FLSA.

33. As a direct result of Defendants' unlawful, willful FLSA pay practices complained of herein, Plaintiff Green suffered damages and theft of her lawfully entitled wages.

34. Plaintiff is entitled to recover from Defendants the unpaid, and underpaid overtime compensation due and owing for all hours worked in excess of 40 in each and every workweek, and an equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**WHEREFORE** Plaintiff STARR GREEN demands judgment against Defendants for all unpaid and underpaid overtime wages due and owing, plus an equal sum in liquidated damages, payment of their incurred attorneys' fees and costs pursuant to § 216 of the FLSA, and any other relief in equity this court deems just and fair.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated September 15, 2021.

                                        Respectfully submitted.

*/s/Mitchell Feldman*.
Mitchell Feldman, Esq.
Feldman Legal Group
6916 W. Linebaugh Ave #101
Tampa, FL 33625
mfeldman@flandgatrialattorneys.com
tel 813 639-9366
fax: 813 639-9376
*Counsel for Plaintiff*

*/s/ Benjamin Lee Williams*
Benjamin Lee Williams, Esq.
Florida Bar No. 0030657
**WILLIAMS LAW P.A.**
464 Sturdivant Ave
Atlantic Beach, FL 32233
E-Mail: bwilliams@williamslawjax.com
Tel: 904-580-6060
Fax: 904-417-7494
*Co-counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by the CM/ECF system on all counsel or parties of record.

*/s/Mitchell Feldman*.
Mitchell Feldman, Esq.